IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZACHARY CRUTCHER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-05-32-L |
| | ) |
| SHERIFF JOHN WHETSEL, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

Petitioner, appearing *pro se*, has initiated this action pursuant to 28 U.S.C. § 1331[1] seeking a writ of habeas corpus. As Petitioner is a pre-trial detainee, the undersigned has construed his habeas petition as one brought pursuant to 28 U.S.C. § 2241. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993)(Section 2241 governs when a pretrial detainee seeks habeas relief). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Pursuant to Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined.[2] For the reasons stated below, it is recommended that the petition be dismissed without prejudice.

In his petition Petitioner states that he was arrested on December 2, 2004, for possession of a controlled dangerous substance. Petition at 1. Petitioner's sole claim for habeas relief is based on his allegation that he has been detained in the Oklahoma County Detention Center since his arrest without being arraigned or charged within 72 hours as

---

[1] 28 U.S.C. §1331, cited in the caption of the petition, is the federal question jurisdiction statute.

[2] Pursuant to Rule 1(b), the Rules Governing Section 2254 Cases may be applied to other habeas actions such as the instant case, in the Court's discretion.

required by the Supreme Court in *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). Petition at 2. As relief, he requests that the charge against him be dismissed and that he be released from custody.

The undersigned notes initially that the *Riverside* decision is inapplicable to Petitioner's situation. In *Riverside* the Supreme Court held that the Fourth Amendment required a prompt judicial determination of probable cause (generally within 48 hours) as a prerequisite to an extended pretrial detention of a detainee arrested without a warrant. Although the Court found that a timely probable cause determination could be combined with other court proceedings, including an arraignment, *Riverside*, 400 U.S. at 55, the Court did not hold, as Petitioner claims, that an arraignment within 72 hours of arrest is constitutionally required. In this case, Petitioner admits that a probable cause hearing was held in his case on the day following his arrest, Petition, Exs. A and B, and thus, the *Riverside* decision does not provide a basis for Petitioner's requested relief. Absent a claim that he is in custody in violation of laws or treaties of the United States, the Constitution or federal law have been violated, his petition fails to raise a cognizable claim for habeas relief. 28 U.S.C.§ 2241(c)(3).

In any event, dismissal of this action is required under the doctrine of abstention. *Younger v. Harris*, 401 U.S. 37 (1971). Granting Petitioner's request for relief - that he be released from custody and the charges against him dismissed - would require this Court to intervene in an ongoing state criminal prosecution, an action that would conflict with the long-standing policy of abstention. *See Younger,* 401 U.S. at 43-45. The *Younger* abstention doctrine is based on notions of comity and federalism which require that

federal courts respect state functions and the independent operation of state legal systems. *Id.* at 44-45. Pursuant to *Younger*, federal courts should not intervene in state criminal prosecutions begun before institution of a federal suit when the state court proceedings: (1) are ongoing, (2) offer an adequate forum to hear the plaintiff's federal claims, and (3) implicate important state interests. *Id.; see also Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997); *Seneca-Cayuga Tribe of Oklahoma v. State of Oklahoma ex rel. Thompson*, 874 F.3d 709, 711 (10th Cir. 1989)(abstention under *Younger* is mandatory if these conditions are met, absent extraordinary circumstances).

An exception to this mandatory rule of abstention exists "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Younger*, 401 U.S. at 54 (creating exception upon "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief"). According to *Younger,* the irreparable injury necessary to overcome the presumption of abstention must be "'both great and immediate.'" *Younger*, 401 U.S. at 46 (quoting *Fenner v. Boykin*, 271 U.S. 240, 243 (1926)). Moreover, it is Petitioner's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (internal citations omitted). Although *Younger* was an injunctive proceeding, the Tenth Circuit has held that the same test would apply in a habeas action seeking to stop a state prosecution. *Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977).

According to Petitioner, he has been charged in state court. Oklahoma clearly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. Moreover, because the criminal proceedings are apparently pending in state court, Petitioner has an adequate forum - the trial or state appellate court - to raise his claim of an untimely arraignment. *See Capps,* 13 F.3d at 354, n. 2 (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)(Abstention is appropriate where "the issue raised in the petition may be resolved either by trial on the merits or by other state procedures available to the petitioner.")).

Furthermore, Petitioner has not set forth any "exceptional circumstances" which would warrant this Court's intervention in ongoing state criminal proceedings nor has he shown that absent such intervention he would suffer irreparable injury which is "both great and immediate." *Younger,* 401 U.S. at 46 (quotation omitted). Therefore, the Court should abstain from considering Petitioner's claim. *Younger,* 401 U.S. at 53-54; *Dolack,* 548 F.2d at 894. *See also Forney v. State*, No. 98-6234, 1998 WL 840941, * 1 (10th Cir. Dec. 7, 1998) ("a state pretrial detainee . . . may not seek habeas relief to forestall state prosecution altogether.").[3] Accordingly, it is recommended that the petition be dismissed without prejudice. *See American Constitutional Law Foundation, Inc. v. Meyer*, No. 94-1145, 1997 WL 282874 (10th Cir. May 29, 1997) (holding that abstention under *Younger v. Harris* results in outright dismissal rather than postponement of a cause of action).

---

[3]This and any other unpublished disposition are cited herein as persuasive authority pursuant to Tenth Circuit Rule 36.3.

**RECOMMENDATION**

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be dismissed without prejudice. Petitioner is advised of his right to object to this Report and Recommendation by the 20th day of July, 2005, in accordance with 28 U.S.C. §636 and LCvR 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 30th of June, 2005.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE